# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RASHAD LANSING, Inmate No. 13766653, <br><br> Plaintiff, <br><br> vs. <br><br> WILLIAM GORE; JOHN DOE 1; JOHN DOE 2; JOHN DOE 3; JOHN DOE 4, <br><br> Defendant. | Civil No.  14cv1312 BEN (DHB) <br><br> **ORDER:** <br><br> **(1) GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING NO PARTIAL FILING FEE AND GARNISHING $ 350 BALANCE FROM PRISONER'S TRUST ACCOUNT PURSUANT TO 28 U.S.C. § 1915(a) [ECF No. 4]; and** <br><br> **(2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)** |

Rashad Lansing ("Plaintiff"), a pre-trial detainee currently housed at the San Diego Central Jail located in San Diego, California, and proceeding in pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has not prepaid the initial civil filing fee but instead filed a  Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). [ECF No. 4.]

# I.

## MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, prisoners granted leave to proceed IFP remain obligated to pay the entire fee in installments, regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

The Court finds that Plaintiff has no available funds from which to pay filing fees at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4)

acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [ECF No. 4] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.

### SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

The PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions of the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, the Court's duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). However, in giving liberal interpretation to a pro se civil rights complaint, the court may

not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.*

### A.   42 U.S.C. § 1983 Liability

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Nelson v. Campbell,* 541 U.S. 637, 124 S. Ct. 2117, 2122 (2004); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

### B.   Failure to Protect Claims

It appears as though Plaintiff was a detainee at the time the claims found in his Complaint arose. Thus, the Eighth Amendment may not apply to him. *Bell v Wolfish*, 441 U.S. 520, 535 n.16 (1979) ("Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions. . . . [and] the State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law."); *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002) ("Because [petitioner] had not been convicted of a crime, but had only been arrested, his rights derive from the due process clause rather than the Eighth Amendment's protection against cruel and unusual punishment."). Rather, if Plaintiff was a detainee at the time his claims arose, his conditions of confinement claims must be analyzed under "the more protective" substantive due process standard. *Jones v. Blanas*, 393 F.3d 918, 931-33 (9th Cir. 2004); *see also Wolfish*, 441 U.S. at 538-39 ("Absent a showing of an express intent to punish on the part of detention facility officials, . . . if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does

not, without more, amount to 'punishment.'"); *Nunez v. City of Los Angeles*, 147 F.3d 867, 871 (9th Cir. 1998) ("The concept of 'substantive due process,' semantically awkward as it may be, forbids the government from depriving a person of life, liberty, or property in such a way that 'shocks the conscience' or 'interferes with rights implicit in the concept of ordered liberty.'") (quoting *United States v. Salerno*, 481 U.S. 739, 746 (1987)). However, "the due process clause imposes, *at a minimum*, the same duty the Eighth Amendment imposes: 'persons in custody ha(ve) the established right not to have officials remain deliberately indifferent'" to their needs. *Gibson*, 290 F.3d at 1187 (quoting *Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir. 1996)); *Lolli v. County of Orange*, 351 F.3d 410, 418-19 (9th Cir. 2003). The Court will therefore look to Eighth Amendment standards to determine the minimum level of protection afforded Plaintiff.

Plaintiff alleges that Defendants failed to protect him when he was assaulted by other inmates. (*See* Compl. at 3-4.) To state a failure to protect claim, Plaintiff must allege facts sufficient to show that Defendants were "deliberately indifferent," that they were aware of, but nevertheless consciously disregarded an excessive risk to his health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). If the official is not alleged to have actual knowledge of a serious risk of harm, but is alleged to be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, the plaintiff must further allege that the official "also dr[ew] the inference." *Id.* at 837; *Wilson v. Seiter*, 501 U.S. 294, 303 (1991).

Here, Plaintiff's Complaint is devoid of any allegation that a specific Defendant had knowledge that there was an excessive risk to his health or safety. Thus, Plaintiff's allegations fall short of finding sufficient allegations to show that each of the named Defendants could have drawn the inference that there was a substantial risk of serious harm to Plaintiff. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Accordingly, as currently plead, Plaintiff has failed to show that any Defendant

acted with conscious disregard to a risk to his safety. *See Farmer*, 511 U.S. at 837; *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (to establish a deprivation of a constitutional right by any particular individual, the plaintiff must allege that the individual, in acting or failing to act, was the actual and proximate cause of his injury). Thus, Plaintiff's failure to protect claims are dismissed for failing to state a claim upon which relief can be granted.

### C.   Respondeat Superior Claims

To the extent Plaintiff seeks damages against Sheriff Gore based on his supervisory capacity, Plaintiff's Complaint fails to state a claim because there is no respondeat superior liability under 42 U.S.C. § 1983. *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("[V]icarious liability is inapplicable to . . . § 1983 suits."). Plaintiff "must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see also Jones v. Comty. Redev. Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege with at least some degree of particularity overt acts which defendants engaged in" in order to state a claim). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976)); *see also Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011).

Supervisory prison or jail officials may only be held liable for the allegedly unconstitutional violations of a subordinate if Plaintiff sets forth allegations which show: (1) how or to what extent they personally participated in or directed a subordinate's actions, and (2) in either acting or failing to act, they were an actual and proximate cause of the deprivation of Plaintiff's constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978); *Starr*, 652 F.3d at 1207-08.

/ / /

To state a claim against Gore or any other supervisor, Plaintiff's Complaint must "contain sufficient factual matter" to show that they themselves acted or failed to act, and not merely conclude they are liable because their subordinates are alleged to have acted unconstitutionally. *See Iqbal*, 556 U.S. at 676. As currently pleaded, however, Plaintiff's Complaint fails to include *any* "factual content that [would] allow[] the court to draw [a] reasonable inference" in support of an individualized constitutional claim against the Sheriff. *Iqbal*, 556 U.S. at 678; 28 U.S.C. § 1915(e)(2); *Lopez*, 203 F.3d at 1126-27.

### IV.

#### CONCLUSION AND ORDER

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No. 4] is **GRANTED**.

2. The Watch Commander, or his designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. The Clerk of the Court is directed to serve a copy of this Order on Watch Commander, San Diego Central Jail, 1173 Front Street, San Diego, California 92101

**IT IS FURTHER ORDERED** that:

4. Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b). However, Plaintiff is granted forty five (45) days leave from the date this Order is "Filed" in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. Cal. Civ. L. R. 15.1. Defendants not named and all claims not re-alleged in the Amended

Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Further, if Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

5. The Clerk of Court is directed to mail a form § 1983 complaint to Plaintiff.

**IT IS SO ORDERED.**

DATED: June 30, 2014

Hon. Roger T. Benitez
United States District Judge